Eastern District of Kentucky
**F I L E D**

JUL 0 5 2018

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**UNITED STATES OF AMERICA**

V.                    **SUPERSEDING INDICTMENT NO. 17-118-S-KKC**

**KATHARINE E. MATTHEWS,
ROBERT CHIPPERFIELD JR.,
ROBERT EARL WALLACE,
TORREY WARD,
DAVID ARTHUR CORONA DIAZ
        aka JOSE,
KENDRA MICHELLE CAPRICE TALLY, and
NADER SARKOSH**

\*   \*   \*   \*   \*

THE GRAND JURY CHARGES:

## COUNT 1
### 21 U.S.C. § 846

On or about a date in March 2014, the exact date unknown, and continuing

through on or about April 21, 2017, in Fayette County, in the Eastern District of

Kentucky, and elsewhere,

**KATHARINE E. MATTHEWS,
ROBERT CHIPPERFIELD JR.,
ROBERT EARL WALLACE,
TORREY WARD,
DAVID ARTHUR CORONA DIAZ,
aka JOSE,
KENDRA MICHELLE CAPRICE TALLY, and
NADER SARKOSH**

did knowingly and intentionally conspire together and with others to distribute 5

kilograms or more of a mixture or substance containing a detectable amount of cocaine, a

Schedule II controlled substance, and 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine, a Schedule II controlled substance,

in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846.

## COUNT 2
### 21 U.S.C. § 846

On or about a date in March 2014, the exact date unknown, and continuing

through on or about April 21, 2017, in Fayette County, in the Eastern District of

Kentucky, and elsewhere,

**KATHARINE E. MATTHEWS,**
**ROBERT CHIPPERFIELD JR.,**
**ROBERT EARL WALLACE,**
**TORREY WARD,**
**DAVID ARTHUR CORONA DIAZ,**
**aka JOSE,**
**KENDRA MICHELLE CAPRICE TALLY, and**
**NADER SARKOSH**

did knowingly and intentionally conspire together and with others to distribute 1000

kilograms or more of a mixture or substance containing a detectable amount of

marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in

violation of 21 U.S.C. § 846.

## COUNT 3
### 18 U.S.C. § 1956(h)

On or about a date in March 2014, the exact date unknown, and continuing

through on or about April 21, 2017, in Fayette County, in the Eastern District of

Kentucky, and elsewhere,

**KATHARINE E. MATTHEWS,
ROBERT CHIPPERFIELD JR.,
ROBERT EARL WALLACE,
TORREY WARD,
DAVID ARTHUR CORONA DIAZ,
aka JOSE,
KENDRA MICHELLE CAPRICE TALLY,
NADER SARKOSH,**

and others, knowing that the property involved in financial transactions affecting

interstate commerce, to wit, the transfer of United States currency, represented the

proceeds from the unlawful distribution of controlled substances, did conspire to conduct

such financial transactions, which, in fact, involved the proceeds of the specified

unlawful activity, that is, the distribution of controlled substances in the Eastern District

of Kentucky and elsewhere, with the intent to promote the carrying on of such specified

unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and knowing that the

transaction was designed in whole or in part to conceal or disguise the nature, the source,

the ownership, and control of the proceeds of such specified unlawful activity, in

violation of 18 U.S.C. § 1956(a)(1)(B)(i), all in violation of 18 U.S.C. § 1956(h).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 982(a)(1)

1.     In committing the felony offenses alleged in this Indictment, the same

being punishable by imprisonment for more than one year, **KATHARINE E.**

**MATTHEWS, ROBERT CHIPPERFIELD JR., ROBERT EARL WALLACE,**

**TORREY WARD, DAVID ARTHUR CORONA DIAZ, aka JOSE, KENDRA**

**MICHELLE CAPRICE TALLY, and NADER SARKOSH** used and intended to use

the below-described property to commit and to facilitate the commission of the said

controlled substance violation and the below-described property constitutes proceeds

obtained directly and indirectly as a result of the commission of the aforesaid violations

of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 982(a)(1), including, but not limited to:

**PROCEEDS:**

A sum to be determined which represents the gross proceeds obtained by each of
the above defendants, as the result of their participation of the aforesaid violations.

2.      In committing felony offenses alleged in this Indictment, the same being

punishable by imprisonment for more than one year, **ROBERT EARL WALLACE** used

and intended to use the below-described property to commit and to facilitate the

commission of the said controlled substance violation, and the below-described property

constitutes proceeds obtained directly and indirectly as a result of the commission of the

aforesaid violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 982(a)(1), including, but

not limited to:

**CONVEYANCE:**

A Hawker 700A airplane, Registration #N18CC.

By virtue of the commission of the felony offenses charged in this Indictment, any

and all interest the above listed defendants have in the above-described property is vested

in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853

and 18 U.S.C. § 982.

3.      In committing felony offenses alleged in this Indictment, the same being

punishable by imprisonment for more than one year, **NADER SARKOSH** used and

intended to use the below-described property to commit and to facilitate the commission

of the said controlled substance violation, and the below-described property constitutes

proceeds obtained directly and indirectly as a result of the commission of the aforesaid

violations of 21 U.S.C. § 841(a)(1) and 18 U.S.C. 982(a)(1), including, but not limited to:

### CONVEYANCE:

A Hawker 700A airplane, Registration #N700QA;
A Hawker 700A airplane, Registration #N26ME.

By virtue of the commission of the felony offenses charged in this Indictment, any

and all interest the above listed defendants have in the above-described property is vested

in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853

and 18 U.S.C. 982(a)(1).

3.      If any of the property listed above, as a result of any act or omission of the

defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without

difficulty,

it is the intent of the United States to seek the forfeiture of any other property in which

the above defendants have an interest, up to the value of the property and proceeds described above.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

## PENALTIES

**COUNTS 1 & 2:** Not less than 10 years imprisonment nor more than Life imprisonment, not more than a $10,000,000 fine, and not less than 5 years supervised release.

**IF PRIOR FELONY DRUG CONVICTION:**
Not less than 20 years imprisonment nor more than Life imprisonment, not more than a $20,000,000 fine, and not less than 10 years supervised release.

**COUNT 3:** Not more than 20 years imprisonment, not more than a fine of $500,000 or twice the value of the property involved in the transaction, whichever is greater and not more than 3 years supervised release.

**PLUS:** Forfeiture of listed assets.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.