# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  Plaintiff,  V.  **KATHERINE MATTHEWS**  Defendants. | **CRIMINAL ACTION NO. 5:17-118-KKC**  **ORDER** |

*** *** ***

This matter is before the Court on the defendant Katherine Matthews' motion to vacate under 28 U.S.C. § 2255 (DE 774, 780, 781) and the magistrate judge's report and recommendation ("R & R"). (DE 813.) Matthews has filed objections to the R & R. When objections are submitted to the magistrate judge's report, the district court reviews the record *de novo*. 28 U.S.C. § 636(b)(1)(c). To the extent that Matthews does not specifically object to the R & R, the Court concurs in the result recommended by the magistrate judge. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir.1991). The Court, having reviewed the record *de novo* in light of the objections and being otherwise advised, will accept the magistrate judge's R & R.

I.

As the basis for her petition, Matthews argues her sentence should be vacated because she received ineffective assistance of counsel ("IAC") in violation of her Sixth Amendment rights. Matthews claims IAC was provided to her by her trial counsel, Andrew Stephens (now deceased), for four reasons: (1) Stephens was in cognitive decline during her trial; (2) Stephens failed to procure or relay any plea agreement offered by the government; (3)

1

Stephens failed to review important discovery with her prior to her taking the stand at trial; and (4) Stephens provided documents to the government which included strategy notes written by Matthews that were only meant for Stephens to see. Following an evidentiary hearing, the magistrate judge issued the R & R deciding Matthews' IAC claims under the *Strickland* test, which requires a petitioner to prove deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). The R & R recommends that Matthews' petition be denied.

A.

First, the magistrate judge made a factual finding that Stephens was not in cognitive decline during Matthews' trial. (DE 813 at 7.) Matthews' objects to this finding, arguing that the magistrate judge's reliance on certain testimony was improper. (DE 814 at 2.) Having reviewed the magistrate judge's finding *de novo*, the Court agrees with the finding that Stephens was not in cognitive decline. This finding is due in large part to the credible testimony provided by Stephens' legal assistant, Kristina Williamson, and Stephens' significant other, Jackie Horn. Both witnesses testified at the evidentiary hearing that Stephens was of sound mind and suffered from neither mental nor memory problems during Matthews' trial. (DE 802 at 110, 125-127.) This testimony is consistent with the coherence of Stephens' closing argument given at trial. (DE 692 at 153-179.) Matthews nonetheless maintains that Williamson's and Horn's testimonies are contradicted by "the blatant mistakes that Mr. Stephens made in Ms. Matthews trial." (DE 814 at 2.) Even if true that Stephens made mistakes at trial, such mistakes can be attributed to several factors. And the Court cannot say, on the facts currently before it, that such mistakes were attributable to Stephens' cognitive decline. The record simply does not support that conclusion. Accordingly, Matthews' first objection is OVERRULED.

B.

Second, the magistrate judge recommended denying Matthews' IAC claim premised on Stephens' conduct in the plea agreement context. (DE 813 at 8-10.) The magistrate judge's determination was based on the following factual findings: the government was only willing to offer Matthews a plea deal if she cooperated; Matthews "was not disposed to cooperate" because she did not have information to share with the government; thus, "negotiating an agreement to plead guilty was never part of [Matthews'] defense strategy." (*Id.* at 9.) Additionally, it is uncontested that the government "never made any formal plea offer," nor engaged in "substantive plea discussions." (*Id.*)

Matthews objects to these findings and the magistrate judge's conclusion that Stephens did not engage in deficient performance. (DE 814 at 4-6.) Having reviewed the R & R *de novo*, the Court agrees with the magistrate judge's factual findings and ultimate conclusion that Stephens conduct did not constitute deficient performance. The testimonies of Matthews herself and the government's trial attorney, Dmitry Slavin, are revealing. At the evidentiary hearing, Matthews testified that she never had any intention of entering a guilty plea. (DE 802 at 56, 64.) Matthews explained that a plea deal was not in the cards for her because Stephens "said that [the government] wanted information," and that she "didn't have any." (*Id.* at 74.) Accordingly, Stephens "wouldn't allow [Matthews] to perjure," herself to obtain a deal. (*Id.*) Slavin's testimony corroborates Matthews'. Slavin testified that "Stephens repeatedly told us that Ms. Matthews would not consider a guilty plea because she steadfastly maintained her innocence." (DE 810-1.)

In the plea agreement context, an attorney does not engage in deficient performance simply by advising a client not to perjure themselves or by maintaining that client's innocence. To be sure, there are certainly instances in this context where an attorney's conduct does constitute deficient performance. *See e.g.*, *Griffin v. United States*, 330 F.3d 733,

737 (6th Cir. 2003) ("A defense attorney's failure to notify his client of a prosecutor's plea offer . . . satisfies the first element of the *Strickland* test,"); *Smith v. United States*, 348 F.3d 545, 553 (6th Cir. 2003) (failure to advise a defendant about sentencing exposure can constitute deficient performance). But this case is not one of those instances. Thus, for the same reasons stated in the R & R, Matthews' IAC claim premised on plea agreements should be denied and her objection OVERRULED.

C.

Third, the magistrate judge suggests denying Matthews' IAC claim premised on Stephens alleged failure to review certain discovery with her prior to her taking the stand. (DE 813 at 14-16.) Matthews specifically argues that Stephens did not review a set of deleted text messages with her prior to trial. The magistrate judge made the following findings of fact regarding this issue: the government provided the deleted text messages to Stephens in December 2018 in electronic format; Stephens and Matthews reviewed large quantities of discovery together; the deleted messages were again disclosed to the defense through the government's proposed trial exhibits; and "[s]ome of the deleted text messages were discussed in trial testimony prior to Matthews's testimony." (*Id.* at 13.)

Based on the foregoing facts, the magistrate judge first determined that Stephens' conduct did not constitute "deficient performance." The magistrate judge reasoned that there were "three circumstantial reasons . . . why Matthews should have been aware of these deleted texts prior to her testimony." (*Id.* at 12.) Matthews objects to this determination—repeating her argument that she was unaware of these texts prior to taking the stand. (DE 814 at 8-9.) The Court, having reviewed the R & R *de novo,* agrees that Stephens conduct in this context did not constitute deficient performance for the same reasons articulated by the magistrate judge. Put plainly, Matthews cannot carry her burden of showing Stephens' handling of discovery was unreasonable on these facts.

Even if Matthews could carry her initial burden, the magistrate judge further determined that Matthews failed to prove prejudice resulted from Stephens' conduct. Matthews initially argued—and maintains in her objections to the R & R—that she was prejudiced by the introduction of the deleted text messages during her cross-examination because seeing them for the first time while on the witness stand rocked her composure. (DE 814 at 10.) The Court, however, agrees with the magistrate judge that such concern is far too speculative to satisfy the prejudice prong under *Strickland*. Recall the standard for the prejudice prong requires showing "a substantial likelihood of a different result," had trial counsel performed effectively. *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011). Matthews cannot satisfy that standard on these facts. Accordingly, her third objection is OVERRULED.

### D.

Fourth, and finally, the magistrate judge suggests denying Matthews' IAC claim premised on Stephens disclosing privileged notes to the government. The magistrate judge assumed *arguendo* the veracity of Matthews' allegation that Stephens made such a disclosure and then directed the analysis to whether Matthews could establish prejudice. Regarding prejudice, the magistrate judge found the testimony of attorney Slavin to be persuasive. Slavin explained that he did "not recall being handed [the notes] by Mr. Stephens. Even if I were, it did not play a role in my cross-examination of Ms. Matthews." (DE 810-1) (DE 813 at 20.) Matthews was asked by the magistrate judge at the evidentiary hearing to identify, with particularity, the prejudice she experienced by Stephens' improper disclosure. (DE 802 at 79-80.) Matthews was unable to identify any questions during her cross-examination that were derived from the disclosed notes. On this basis, the magistrate judge concluded that Matthews failed to show prejudice. (DE 813 at 21.)

In her objections, Matthews does not offer new grounds to explain the prejudice she experienced. Rather, Matthews summarily asserts that she "was prejudiced by [Stephens']

5

actions." (DE 814 at 12.) Having reviewed the R & R *de novo*, the Court agrees with the magistrate judge's analysis and reasoning regarding Matthews' IAC claim premised on Stephens' disclosure of privileged notes. Accordingly, her fourth objection is OVERRULED.

II.

For the foregoing reasons, it is hereby **ORDERED** that

1. the report and recommendation (DE 813) is **ADOPTED**;

2. Matthews' petition under 28 U.S.C. § 2255 (DE 774, 780, 781) is **DENIED**;

3. a certificate of appealability will not be issued; and

4. a judgment consistent with this order and the report and recommendation will be **ENTERED**.

This 15th day of November, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY